**UNITED STATES of America,
Appellee,**

v.

**David ROJAS–PEREZ, Appellant.**

**No. 04–1836.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 21, 2005.

Decided June 8, 2005.

Lester Alan Paff, U.S. Attorney's Office, Des Moines, IA, for Appellee.

Terry Wright, Des Moines, IA, for Appellant.

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

PER CURIAM.

David Rojas–Perez appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. His counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Rojas–Perez has filed a pro se supplemental brief arguing that, because the district court enhanced his sentence under U.S.S.G. § 2D1.1(b)(1) (possessing dangerous weapon in connection with drug of-fense), he was sentenced on charges not contained in the indictment and the sentence violates his Sixth Amendment rights under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm.

The pro se arguments fail. Although Rojas–Perez initially objected to the sentencing enhancement under section 2D1.1(b)(1), he later withdrew his objection. He is thus foreclosed from raising issues here regarding the section 2D1.1(b)(1) enhancement. *See United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (claim relinquished below need not be addressed on appeal); *United States v. Tulk,* 171 F.3d 596, 600 (8th Cir.1999) (issue deliberately waived below is not reviewed, even for plain error).

Upon careful review of the record under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we note that the district court imposed Rojas–Perez's sentence prior to the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). While we now know it was error to apply the federal Sentencing Guidelines in a mandatory fashion, Rojas–Perez has not demonstrated "a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." *See United States v. Pirani,* 406 F.3d 543, 549–54 (8th Cir.2005) (en banc) (plain error review when mandatory-Guidelines issue not raised below; plain error review is governed by the four-part test of *Olano,* 507 U.S. at 732–36, 113 S.Ct. 1770). We find no other nonfrivolous issues.

1. The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Accordingly, we affirm, and we grant counsel's motion to withdraw.